

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORIS RAY KNOX; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF FRESNO, a municipal corporation; et al., <br><br> Defendants-Appellees. | No. 16-16691 <br><br> D.C. No. 1:14-cv-00799-EPG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Erica P. Grosjean, Magistrate Judge, Presiding

Submitted December 8, 2017[**]
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and SIMON,[***] District
Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

We affirm the district court's denial of Plaintiffs' request to amend the jury instructions. Federal Rule of Civil Procedure 51(a)(1) provides that, "[a]t the close of the evidence or at any earlier reasonable time that the court orders, a party may file and furnish to every other party written requests for the jury instructions it wants the court to give." Rule 51(a)(2) then provides two exceptions: "[a]fter the close of the evidence, a party may: (A) file requests for instructions on issues that could not reasonably have been anticipated by an earlier time that the court set for requests; and (B) with the court's permission, file untimely requests for instructions on any issue."

Here, the district court provided an early opportunity under Rule 51(a)(1) for the parties to submit proposed jury instructions, and Plaintiffs submitted proposed jury instructions at that time. Then, just prior to closing arguments, Plaintiffs submitted a request to amend a jury instruction that they previously had proposed. However, neither of the two exceptions in Rule 51(a)(2) applies to Plaintiffs' request. Plaintiffs were well aware of the issues regarding the allegedly defective jury instruction, and the district court did not give Plaintiffs permission to file an untimely request for instructions. Thus, we review for plain error. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1018 (9th Cir. 2014) (en banc); Fed. R. Civ. P. 51(d).

The challenged jury instruction survives plain error review. "[W]hen reviewing civil jury instructions for plain error, we must consider, as we do in the criminal context, whether (1) there was an error; (2) the error was obvious; and (3) the error affected substantial rights." *C.B.*, 769 F.3d at 1018. The district court did not commit plain error because there was no error; the jury instruction does not misstate the law.[1] Plaintiffs brought an excessive force claim under 42 U.S.C. § 1983. The district court instructed the jury that, in determining whether the use of force was reasonable, the jury must "consider all of the circumstances known to [the officers] on the scene." Plaintiffs argue that this passage misstates the law, because the jury must "consider all of the circumstances that [the officers] knew *or should have known* on the scene." (Emphasis added).

Contrary to Plaintiffs' argument, the Supreme Court recently reiterated that "[e]xcessive force claims . . . are evaluated for objective reasonableness *based upon the information the officers had when the conduct occurred*." *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1546-47 (2017) (ellipsis in original) (emphasis added) (quoting *Saucier v. Katz*, 533 U.S. 194, 207 (2001)). The reasonableness of the officer's prior actions and decisions are not to be taken into account. *See id.* at

---

[1] Because we conclude that the jury instruction does not misstate the law, the result would be the same under de novo review.

1547. (striking down the Ninth Circuit's "provocation rule" and holding that an excessive force claim does not arise when "an officer use[s] reasonable force after committing a distinct Fourth Amendment violation such as an unreasonable entry"). Rather, "an officer's use of force must be objectively reasonable *based on his contemporaneous knowledge of the facts*." *Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001) (emphasis added). Consequently, "[a plaintiff] cannot 'establish a Fourth Amendment violation based merely on bad tactics that result in a deadly confrontation that could have been avoided.'" *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1777 (2015) (quoting *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002)). Thus, the district court did not commit plain error.

**AFFIRMED.**